# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PLAZE ANDERSON**
    **Petitioner-defendant,**

  **v.**                                             **Case No. 17-C-0546**
                                                        **(Criminal Case No. 01-CR-193)**

**UNITED STATES OF AMERICA**
    **Respondent-plaintiff.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 2255, petitioner Plaze Anderson moves to vacate his sentence on racketeering and firearm charges. He argues that the court erred in accepting his guilty plea to the firearm charge without an adequate factual basis and that the resulting sentence violated his Sixth Amendment right to trial by jury. For the reasons that follow, I deny the motion and dismiss this action.

## I. BACKGROUND

In 2001, the government indicted petitioner and others on racketeering and drug distribution charges arising out of their involvement with the Gangster Disciples street gang. On November 25, 2002, pursuant to an agreement with the government, petitioner pleaded guilty to an information charging him in count one with conspiracy to commit racketeering, 18 U.S.C. § 1962(d), and in count two with use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). Count one charged that from 1/1/92 to the present petitioner and others associated with the Gangster Disciples conspired to commit racketeering activity including murder and kidnaping. Count two charged that on 1/21/95 petitioner used a

.40 caliber handgun in relation to possession with intent to distribute cocaine base.

The pre-sentence report ("PSR") calculated petitioner's sentencing guideline range on the racketeering count under U.S.S.G. § 2E1.1(a) based on three predicate acts: two second degree murders, see U.S.S.G. § 2A1.2(a), and a kidnaping (with an attempted murder of the victim), see U.S.S.G. § 2A4.1(a), resulting in a combined adjusted level of 43. (PSR ¶¶ 33-53.) After adding enhancements for aggravated role in the offense, U.S.S.G. § 3B1.1(a), and obstruction of justice, U.S.S.G. § 3C1.1, and denying a reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, the PSR settled on a final offense level of 50 on the racketeering count. (PSR ¶¶ 55-72.) Coupled with petitioner's criminal history category of VI, level 50 produced an imprisonment range of life. (PSR ¶ 134.)

On count two, the PSR noted that under U.S.S.G. § 2K2.4 the guideline for a violation of 18 U.S.C. § 924(c) is the 5-year minimum term required by the statute. (PSR ¶ 54.) The PSR noted that petitioner had not been charged with the underlying offense conduct (drug trafficking) on count two of the information (PSR ¶ 74), but in setting forth the facts supporting the § 924(c) charge the PSR described that underlying conduct. The PSR indicated that on 1/25/95 police responded to a 911 call from petitioner's girlfriend that he threatened her with a weapon. Officers arrested petitioner and a co-defendant several blocks away following a brief foot chase, during which petitioner handed the co-defendant the firearm and drugs. (PSR ¶ 22.) Officers recovered from the co-defendant 12 individually wrapped rocks of crack cocaine and a .40 caliber handgun. (PSR ¶ 23.)

On December 13, 2002, I adopted the PSR's factual findings and guideline calculations, then sentenced petitioner to 240 months (the statutory maximum) on the racketeering count and 60 months consecutive (the mandatory minimum) on the § 924(c) count for a total of 300

months. Petitioner took no direct appeal.

On April 17, 2017, petitioner filed the instant motion. On screening the motion under Rule 4, I noted that it plainly appeared to be untimely under 28 U.S.C. § 2255(f). I therefore issued an order that petitioner show cause why the motion should not be dismissed as untimely. On June 12, 2017, petitioner filed his response. I now dismiss the motion as untimely. In the alternative, I deny it on the merits.

## II. DISCUSSION

### A. Section 2255

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013). Further, because a § 2255 motion is not a substitute for direct appeal, e.g., Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007), claims that could have been raised directly may be brought collaterally only if the petitioner can show cause and prejudice. McCoy v. United States, 815 F.3d 292, 295 (7th Cir.), cert. denied, 137 S. Ct. 260 (2016). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is actually innocent of the crimes of which he was convicted. Id.

**B.     Timeliness**

Section 2255 actions have a one-year limitation period, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner filed his motion nearly 15 years after the judgment became final. 28 U.S.C. § 2255(f)(1).

Citing sub-section (f)(4), petitioner contends that his motion should be deemed timely "since the facts supporting his claim were not discovered until he received the necessary information." (R. 3 at 1; see also R. 1 at 2 arguing that "the facts supporting his claim were not discovered until he received the necessary information – legal documents".) He contends that "after receiving the necessary information – legal documents, Petitioner became aware that not only did the district court violate[] Rule 11(b)(3) of [the] Federal Rules of Criminal Procedure, but also violated his Sixth Amendment right." (R. 1 at 2; see also R. 3 at 2, arguing that the clock did not start "until he received the necessary information – legal documents".)

Under tolling rules like § 2255(f)(4), time commences when the factual predicate could have been discovered through the exercise of due diligence, not when the facts were actually discovered by the prisoner or when he realized their legal significance. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Petitioner fails to explain why it took him 15 years to discover

4

the facts underlying these claims. He was present for the plea colloquy and sentencing hearing and thus was aware of the factual basis provided for the plea and of the sentence the court imposed. To the extent that petitioner needed court records to evaluate his claim, he also fails to explain why he waited 15 years to request such documents. (See Case No. 01-CR-193, R. 535 – February 24, 2017 request for the docket sheet and sentencing transcript.) Petitioner contends that due diligence did not require him to check up on his counsel's pursuit of these claims. (R. 3 at 3.) But again, waiting 15 years is not the due diligence required by the statute. See Davis v. United States, 817 F.3d 319, 327 (7th Cir. 2016) ("[U]nder no circumstance can we imagine that, in the exercise of due diligence, it could have taken Davis more than three years to discover that [his lawyer had not filed an appeal]."). Accordingly, the motion must be dismissed as untimely.[1]

**C.    Merits**

The motion also fails on the merits. Petitioner first argues that the court violated Fed. R. Crim. P. 11(b)(3) by accepting his plea to count two (the § 924(c) count) without an adequate factual basis. (R. 1 at 3.) Even assuming that this is correct, however, the factual basis requirement of Rule 11 is not constitutionally compelled. See Higgason v. Clark, 984 F.2d 203, 207 (7th Cir. 1993). Violation of this requirement may support relief on direct appeal,

---

[1]Petitioner's failure to recognize the factual or legal basis for his claims does not constitute cause for his procedural default, see Murray v. Carrier, 477 U.S. 478, 486-87 (1986)), and because his claims lack merit (for the reasons stated in the following text) he cannot show prejudice. Nor does he develop a claim of actual innocence. (R. 1 at 7.) Petitioner contends that 18 U.S.C. § 924(c) is a jurisdictional requirement, and the court has no authority to impose a § 924(c) sentence absent the necessary proof and/or factual basis. (R. 3 at 1; R. 1 at 7.) He provides no authority for this contention, which is contrary to the manner in which courts now understand the term "jurisdiction." See United States v. Ceballos, 302 F.3d 679, 691 (7th Cir. 2002).

5

as in the case petitioner cites, United States v. Tunning, 69 F.3d 107 (6th Cir. 1995), but it does not standing alone provide a basis for relief under § 2255. See Torzala v. United States, 545 F.3d 517, 524 (7th Cir. 2008) (citing Higgason, 984 F.2d at 208). The Constitution requires that a plea be voluntary and intelligent, and petitioner develops no claim that his was not. Nor does he develop any claim or present any evidence that he did not actually possess the firearm in connection with a drug trafficking crime.

The crux of petitioner's argument appears to be that, because drug trafficking was not one of the specific predicate acts in the racketeering count to which he pled, the § 924(c) count (which referenced drug trafficking, not a crime of violence, as the underlying conduct) cannot stand. (R. 1 at 4.) This claim rests on the faulty assumption that a § 924(c) count has to be linked to another count of conviction; it need not be. See Davila v. United States, 843 F.3d 729, 731 (7th Cir. 2016).

Petitioner contends that the court failed to make him aware of the nuances of § 924(c) prior to entry of his plea, that there was no predicate drug offense to trigger § 924(c), and that he would not have entered the plea had he known there must be a predicate drug trafficking offense to trigger the § 924(c) offense. (R. 1 at 5.) Again, while conviction under § 924(c) requires that the firearm be used/possessed in connection with a drug trafficking offense, there is no requirement that the defendant also plead to or be convicted of the underlying drug trafficking offense (or that such offense be a predicate to a RICO count of conviction).

Second, petitioner argues that his sentence violates the Sixth Amendment right to trial by jury and should be vacated because the court's determination of the use of a firearm in connection with a drug trafficking crime resulted in a sentence that violated his substantial rights. He appears to rely on the Apprendi/Booker line of cases, which forbids the court from

6

imposing a sentence greater than the maximum authorized by the facts found by the jury or admitted by the defendant. Petitioner contends that in his case the court made a factual finding that increased his sentence beyond the facts admitted during the plea, i.e., that the predicate offense used to trigger the § 924(c) count was a drug trafficking offense rather than the crimes of violence referenced in the racketeering count. (R. 1 at 6.) Again, this argument rests on the flawed premise that a § 924(c) count can stand only if the defendant was also convicted of the underlying drug trafficking offense.[2] Finally, any violation of § 924(c) requires a mandatory 5-year consecutive sentence; the court here made no factual findings to increase that sentence. Cf. Alleyne v. United States, 133 S. Ct. 2151 (2013).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion (R. 1) is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a demonstration that reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When the district court denies a habeas petition on procedural grounds, the

---

[2]To the extent petitioner argues the court adopted the manslaughter predicate as the underlying conduct for the § 924(c) count (R. 3 at 3), the record does not support that contention. The § 924(c) count was based on the drug trafficking conduct described in § I. above.

7

petitioner must show, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id. at 484. For the reasons stated above, petitioner cannot make such a showing, as to either the procedural or substantive component of this order, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin this 22nd day of June, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge